## SOLOMON JOHNSON V. ONESIMUS EVANS.

See this case as to the diligence to be used in obtaining testimony by commission to take deposition, in order to entitle a party to a continuance, in case of failure to obtain the testimony in time.

Error from Caldwell. Suit by the defendant in error, against the plaintiff in error and another, on their promissory note, payable one day after date, and endorsed to the plaintiff. The suit was commenced in July, 1853; the answer filed October 27th, 1853. There was an affidavit by the defendant, for a continuance, at the Spring Term, 1854, which, so far as diligence was concerned, was as follows:

That said witnesses reside in the county of Mariposa, in the State of California; that he knows of no other person by whom he can prove the same facts; that the defendant has used due diligence to procure said testimony, by procuring a commission from the office of the Clerk of this Court, in legal form, about the 15th of January, 1854, and forwarded to the proper officer to take said depositions, and made provision for paying the fees for taking the same; that he does not know the reason why said depositions have not been returned; that he expects to have said testimony by the next Term of this Court; that this application is not made for delay, but that justice may be done.

The continuance was granted.

At the Fall Term, 1854, the defendant made another affidavit for a continuance, which was a copy of the affidavit of the previous Term, except that it stated, "That since the last Term, said commission and interrogatories were returned, not answered in consequence of one of said witnesses not being found, and the other two of said witnesses being temporarily

absent from the county ; that he immediately procured another commission to take said testimony, and returned it to the proper office, and provided for the payment of the fees ; that said depositions have not been returned ; that he does not know the reason why they have not ; that he knows of no other person or persons by whom he can prove the same facts ; that he expects to be able to procure said testimony by the next Term of this Court; that this application for a continuance is not made for delay," &c.

The continuance was refused. Verdict and judgment for the plaintiff.

*Hamilton & Chandler,* for plaintiff in error.

*Hewitt & Newton,* for defendant in error.

LIPSCOMB, J. The error, assigned in this case, is, that the Court below erred in overruling the motion for a continuance.

The record does not show why it was continued at the first Term, nor at the instance of which party. The continuance, asked for by the defendant, was at the second Term. It is specific, in showing the grounds of the application, but is insufficient in showing the means taken by the affiant to procure the evidence of the witnesses in California. It avers the taking out a commission, and the time when so taken out, but does not specify the mode or the time when it was transmitted ; and we believe that in the exercise of a sound discretion, on the sufficiency of the showing for a continuance, the Court did not err in overruling the application. It is therefore affirmed.

Judgment affirmed.